PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAUL DAMAR BROWN, ) | |
| ) | CASE NO. 4:16CV2284 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| JOHN R. KASICH, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF No. 5] |

*Pro se* Plaintiff Paul Damar Brown filed suit under 42 U.S.C. § 1983 against Ohio Governor John R. Kasich and Mahoning County Sheriff Jerry Greene. ECF No. 1. Plaintiff also moves for appointment of counsel. ECF No. 5. The Court dismisses this action pursuant to 28 U.S.C. §1915(e). Plaintiff's Motion for Appointment of Counsel is denied as moot. Nothing about this ruling bars Plaintiff from filing another lawsuit should factual or legal circumstances support it.

**I. Background**

Plaintiff lists the following objections to conditions in the Mahoning County Jail:

1. Medical standards are below the standards required by law.
2. There is no grievance procedure.
3. Recreation and Day Room Activities are shortened so that staff can take breaks.
4. The commissary is run by a contractor who charges more than fair market value.
5. Inmates must purchase over-the-counter medications from the commissary.
6. There are no educational programs.

(4:16CV2284)

7. There is no law library.  Inmates must wait two weeks for replies from students at the University of Akron Law Clinic.
8. Mail is destroyed or lost by deputies.  Legal mail is lost. Personal mail is read and photos maybe confiscated.
9. When prisoners complain, Deputies retaliate by imposing early lockdown and threatening physical harm.
10. Showers, eating areas and cells are not cleaned every day.
11. Food service does not comply with Ohio Department of Rehabilitation and Correction regulations.
    a. Breakfast and lunch are served in brown bags pushed through the slot in the cell door.
    b. Breakfast is not a hot meal.
    c. Food is not nutritionally balanced.
    d. Sandwiches have 1 ounce of meat when 2 ounces are required, and 2 ounces when 4 are required.
    e. None of the inmate food service personnel are "safe-serve certified."
12. The disciplinary procedure is not well defined or not followed by staff, and there is no appeals process.
13. No fire evacuation plan has been shared with inmates.
14. There are no safety boxes so that Deputies can cut down suicide attempts.

ECF No. 1.  Plaintiff asks the Court to order Defendants to make the jail compliant with the Ohio Revised Code's and Ohio Department of Rehabilitation and Correction's health and safety guidelines.  Specifically, he requests the Court order the jail to provide a law library; a commissary with lower prices; sanitary materials; educational opportunities; mail handlers; medical and dental services; outdoor recreation; and a published fire evacuation route.  He further requests that all intimidation and threats from deputies be stopped.  He also seeks $3,000,000 in monetary damages.

## II.  Standard for Dismissal

Although federal courts are obligated to construe *pro se* complaints liberally, *see*

*Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), principles requiring generous construction

2

(4:16CV2284)

of *pro se* pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); Young Bok Song v. Gipson, 423 F. App'x 506, 509–10 (6th Cir. 2011). Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, federal district courts are expressly required to screen all *in forma pauperis* actions and prisoner actions seeking redress from governmental defendants, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010).

To avoid a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (holding that the dismissal standard articulated in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint may also be dismissed if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990). The action has no arguable basis in law if a defendant is immune from suit or if a plaintiff claims a violation of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327.

(4:16CV2284)

### III. Law and Analysis

Plaintiff cannot bring these claims against the Governor of Ohio or the Mahoning County Sheriff. Even if Plaintiff could bring his claims against these Defendants, he has failed to state a claim upon which relief can be granted.

**A. Defendants**

Plaintiff cannot bring these claims against the Governor or the Sheriff in their individual capacities. Individual liability of supervisory personnel must be based on more than the right to control employees. Otherwise, such a theory would allow liability on a *respondeat superior* basis, which was expressly rejected by the Supreme Court in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). For liability to attach to a supervisor, that supervisor must have encouraged the specific misconduct, or in some way directly participated in it. *Id.* at 690–91; *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Plaintiff does not allege facts to suggest that either Defendant participated in any of the alleged conduct. Plaintiff states that he named these Defendants because they have ultimate supervisory authority over the jail. ECF No. 1 at PageID #: 3. Because Plaintiff does not allege that either Defendant was personally involved in the activities that form the basis of his Complaint, he has not established the liability of either Defendant.

Nor can Plaintiff sue Defendants in their official capacities. A suit against a public servant in his official capacity imposes liability on the office he represents. *Brandon v. Holt*, 469 U.S. 464, 471 (1985). The Governor of Ohio represents the State of Ohio itself. The Eleventh

(4:16CV2284)

Amendment bars suits for damages against the State. *Hans v. Louisiana*, 134 U.S. 1 (1890). Therefore, Plaintiff cannot bring suit against Defendant Kasich in his official capacity.

Nor can he sue the Sheriff, who represents Mahoning County. Generally, local governments cannot be sued under 42 U.S.C. § 1983 on a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). Municipalities are only liable under § 1983 when an employee or its agent acts in execution of the municipality's official policy or custom. *Id.* at 694. Plaintiff provides little factual support for his allegations, making it difficult to determine which, if any, are the result of a county policy. Moreover, several of his allegations, such as those pertaining to medical care, recreation time, mail processing, deputy behavior, sanitation, and food service, are the actions of individual jail employees or inmates. Because Plaintiff has not demonstrated that jail employees were acting pursuant to Mahoning County's custom or policy, he cannot bring suit against the Sheriff in his official capacity.

For these reasons, Plaintiff cannot bring suit against Defendant Ohio Governor John Kasich or Defendant Mahoning County Sheriff Jerry Greene.

### B. Plaintiff's Claims

Even if Plaintiff could bring suit against Defendants Kasich and Greene, his allegations fail to state a claim upon which relief may be granted.

#### i. Medical Standards

Plaintiff claims, without explanation that "[t]he [jail's] medical standards are well below the standards required by law." ECF No. 1 at PageID #: 4. Although the *pro se* standard of review is liberal, it requires more than bare assertions of legal conclusions. *Lillard v. Shelby*

5

(4:16CV2284)

*County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996). The complaint must give the defendants fair notice of the plaintiff's claims and the legal grounds upon which they rests. *Id.* at 726; *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). This claim contains no facts and is stated solely as a legal conclusion. Accordingly, it is dismissed.

### ii. Lack of Grievance Procedure

Plaintiff contends the jail has no grievance procedure. This allegation fails to state a claim because inmates do not have an inherent constitutional right to a jail or prison grievance procedure. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995); *Walker v. Michigan Dept. of Corrections*, No. 04–1347, 2005 WL 742743, at *3 (6th Cir. Apr. 1, 2005).

### iii. Exercise and Day Room Activities

Plaintiff argues that recreation and day room activities are shortened so staff members can take breaks. Although total deprivation of exercise or recreational opportunity without penological justification violates the Eighth Amendment, *de minimis* deprivations of recreation do not support Eighth Amendment claims. *See Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir.1985); *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983). Plaintiff's allegations of shortened recreation, without more, fail to state a claim upon which relief may be granted.

### iv. Commissary

Plaintiff claims that items carried in the jail commissary are over-priced. Plaintiff has no federal constitutional right to purchase items from a commissary, and therefore has no constitutional right to purchase products at the same price as they are sold in retail stores. *See Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996); *Hopkins v. Keefe Commissary*

6

(4:16CV2284)

*Networks Sales*, No. 07-745, 2007 WL 2080480, at *5 (W.D. Pa. 2007); *Griffin v. Doe*, No. 1:10CV1987, 2011 WL 94563, at *1 (N.D. Ohio Jan. 11, 2011) ("Prisoners have no constitutional right to purchase products at the same price as charged in retail stores.").

### v. Educational Programs

Inmates do not have a federally cognizable liberty interest in participating in educational programs while in prison. *Carter v. Morgan*, No. 97-5580, 1998 WL 69810, at *2 (6th Cir. Feb.10, 1998); *Tribell v. Mills*, No. 93-5399, 1994 WL 236499, *1 (6th Cir. June 1, 1994). Accordingly, the jail's lack of educational programs does not violate Plaintiff's rights.

### vi. Law Library

Plaintiff contends that the jail does not have a law library. The First Amendment guarantees inmates the right of access to the courts, but not necessarily access to an adequate law library. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). To state a claim for denial of access to the courts, Plaintiff must identify Defendants' particular actions that prevented him from pursuing, or caused the rejection of, a specific, non-frivolous, direct appeal, habeas corpus petition, or civil rights action. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Plaintiff's claim that the jail does not have a law library on its own is insufficient to demonstrate that his First Amendment rights have been violated. He must also demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a direct appeal, petition for a writ of habeas corpus, or civil rights action. *Id.* at 353. Petitioner has made no such allegations and, accordingly, has failed to state a claim for denial of access to the courts.

(4:16CV2284)

### vii. Mail

Plaintiff claims jail deputies lose legal mail and open, read, and confiscate some personal photos from non-legal mail. The Supreme Court has recognized that some rights are inconsistent with the status of a prisoner. *Id.* at 229; *Pell v. Procunier*, 417 U.S. 817, 822 (1974); *Turner v. Safley*, 482 U.S. 78, 84–85 (1987). When considering whether a prison regulation impinges on a prisoner's constitutional rights, courts give considerable deference to prison officials and will uphold the regulation as long as it reasonably relates to legitimate penological interests. *Turner*, 482 U.S. at 89; *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992). Accordingly, although inmates retain their First Amendment right to receive mail, their right is more limited than that of individuals in society at large. *Shaw v. Murphy*, 532 U.S. 223, 228–29 (2001).

Although appropriately designated legal mail is given greater protection against unwarranted intrusion, both legal and non-legal mail may be opened and inspected by prison authorities. *Compare Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996) (legal mail may be inspected in presence of prisoner) *with Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir. 2003) (non-legal mail may be inspected pursuant to prison security policy). There is no general right to unfettered mail delivery. Plaintiff's general allegation that the prison officials opened and inspected his mail, without more, fails to state a claim upon which relief may be granted.

Additionally, a random or isolated incident of inadvertent mail interference does not state a claim that rises to the level of constitutional magnitude, and is therefore not actionable under § 1983. *See, e.g.*, *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir.1990); *Stevenson v. Koskey*, 877

(4:16CV2284)

F.2d 1435, 1441 (9th Cir.1989); *Morgan v. Montanye*, 516 F.2d 1367, 1370–71 (2d Cir.1975). Plaintiff's statement that legal mail is lost, without more, fails to state a claim for relief.

### viii.  Conditions of Confinement

Plaintiff objects to several conditions of his confinement, including: threatening comments by guards; bag breakfasts and lunches; lack of meat on sandwiches; that inmate food workers not safe-serve certified; that indigent prisoners must pay for over-the-counter medications at the commissary; that showers and living areas not cleaned every day; and that the jail lacks published fire evacuation plan and safety boxes for suicide attempts.

The Eighth Amendment limits states' power to punish those convicted of crimes, protecting prisoners from "the 'unnecessary and wanton infliction of pain.'" *Baker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  The Eighth Amendment requires that inmates receive "adequate food, clothing, shelter, and medical care," and that prison officials take "reasonable measures" to guarantee prisoners' safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).  This mandate does not, however, require that a prisoner be free from discomfort or inconvenience. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).  For example, prisoners are not entitled to unfettered access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999).

9

(4:16CV2284)

In *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), the Supreme Court set forth a framework for courts to use when deciding whether conditions of confinement violate the Eighth Amendment. Although pretrial detainee claims sound in the Due Process Clause of the Fourteenth Amendment, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983), they are analyzed under the same rubric as Eighth Amendment claims. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)). A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Wilson*, 501 U.S. at 298. Only serious medical needs or extreme deprivations implicate the protections of the Eighth Amendment. *Hudson*, 501 U.S. at 9. Routine discomforts of prison life do not suffice. *Id*. Next, the plaintiff must show that the prison officials acted with a sufficiently culpable state of mind—deliberate indifference. *Id*. Deliberate indifference is characterized by obduracy or wantonness, and liability cannot be predicated solely on negligence. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer*, 511 U.S. at 834.

Plaintiff fails to demonstrate that his conditions of confinement violate the Eighth Amendment. He does not provide any details concerning the conditions to which he objects. Based on the limited information provided, the conditions appear to be, at best, annoyances or discomforts that accompany incarceration in jail. An odorous cell without amenities does not constitute the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. *See Knop v. Johnson*, 977 F.2d 996, 1012–19 (6th Cir. 1992); *see also Chandler v. Chapleau*, No. 95-6615, 1996 WL 577603 at *1 (6th Cir. Oct. 7, 1996). Nor does Plaintiff have a

10

(4:16CV2284)

constitutional right to any particularly diverse or varied diet so long as it is sufficient to sustain his health.  See *Robinson v. Jackson*, 615 F. App'x 310, 313–15 (6th Cir. 2015) ("Prisoners have a constitutional right to meals that meet their nutritional needs . . . [b]ut there is no constitutional right for each prisoner to be served the specific foods he desires[.]"); *Alexander v. Carrick*, 31 F. App'x. 176, 179 (6th Cir. Mar.19, 2002) (citations omitted) (so long as a prisoner receives a diet "sufficient to sustain [him] in good health, no constitutional right has been violated").  Even verbal harassment and offensive comments by jail guards do not rise to the level of an Eighth Amendment claim.  See *Ivey*, 832 F.2d at 955; *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).  Without additional factual allegations to suggest these conditions were extreme and placed him at a significant risk of serious harm, Plaintiff has not stated a claim for violation of the Eighth Amendment.

### ix.  Disciplinary Procedure

Plaintiff contends that the jail's disciplinary procedure is insufficient.  It is unclear whether the jail lacks a disciplinary policy, or if some or all of the staff disregard that policy.  Plaintiff has not alleged, however, that he was subjected to discipline that would impact a recognized liberty or property interest or that he was denied due process as a result of the way in which the process was conducted.  He fails to state a claim pertaining to the disciplinary process.

### x.  Summary

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted.

(4:16CV2284)

### IV.  Conclusion

This action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  Plaintiff's Motion for Appointment of Counsel is denied as moot.

Nothing about this ruling bars Plaintiff from filing another lawsuit should factual or legal circumstances support it.


IT IS SO ORDERED.


 February 28, 2017                     /s/ Benita Y. Pearson
Date                                                  Benita Y. Pearson
                                                          United States District Judge